IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| JUNIOR VOLLEYBALL ASSOCIATION § <br> OF AUSTIN d/b/a AUSTIN SPORTS § <br> CENTER, and AUSTIN SPORTS § <br> CENTER, LLC, § <br> Plaintiffs, § <br> V. § <br> § <br> SUMMIT HOSTING LLC, fka § <br> SOFTWARE LINK HOSTING, LLC, fka § <br> SOFTWARE LINK, INC., § <br> Defendant. § | 1:17-CV-756-LY |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

TO THE HONORABLE LEE YEAKEL
UNITED STATES DISTRICT JUDGE:

Before the court are Defendant's Motion to Transfer Venue to the Northern District of Georgia (Dkt. #52), Plaintiffs' Response to Defendant's Motion to Transfer Venue (Dkt. #64), and Defendant's Reply (Dkt. #66).[1] After reviewing the pleadings, the relevant case law, as well as the entire case file, the undersigned issues the following Report and Recommendation.

**I.   BACKGROUND**

Junior Volleyball Association of Austin d/b/a Austin Sports Center and Austin Sports Center LLC ("ASC")(together, "Plaintiffs") filed Plaintiffs' Original Petition on July 5, 2017 in Travis County District Court. Dkt. #1 at 10. Summit Hosting LLC ("Summit Hosting" or "Defendant") filed its Notice of Removal August 11, 2017. Dkt. #1. Plaintiffs' First Amended Complaint was filed December 12, 2017. Dkt. #30. Plaintiffs have largely survived Defendant's

---

[1] The motion was referred by United States District Judge Lee Yeakel to the undersigned for a Report and Recommendation as to the merits pursuant to 28 U.S.C. § 636(b), Rule 72 of the Federal Rules of Civil Procedure, and Rule 1(d) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas.

1

motions to dismiss—breach of contract, DTPA, and attorneys' fees remain. After nearly 17 months of litigation, Defendant asks the court to transfer this case to the Northern District of Georgia. Dkt. #52.

## II.   MOTION TO TRANSFER VENUE

In determining whether a transfer is appropriate under 28 U.S.C. § 1404(a), the court first considers whether the case could have been filed in the judicial district to which transfer is sought. *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004)("*Volkswagen I*"). If so, the court examines "the convenience of the parties and witnesses." *Id*. The convenience determination involves examining several private and public interest factors, none of which are given dispositive weight. *Id*. The private factors include: (1) the relative ease of access to sources of proof; (2) the availability of the compulsory process to secure witnesses' attendance; (3) the willing witnesses' cost of attendance; and (4) all other practical problems that make the case's trial easy, expeditious, and inexpensive. *Id*. The public factors include: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having local issues decided at home; (3) the forum's familiarity with the governing law; and (4) the avoidance of unnecessary conflict of law problems involving foreign law's application. *Id*.

The district court should grant the transfer "when the movant demonstrates that the transferee venue is clearly more convenient." *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 314 (5th Cir. 2008)("*Volkswagen II*"). But "when the transferee venue is not clearly more convenient than the venue chosen by the plaintiff, the plaintiff's choice should be respected." *Id*. It is the moving party's burden to show that the transferee venue is clearly more convenient. *See id.*; *see also Piernik v. Collection Mgmt. Co.*, No. 5:17–CV–320–DAE, 2018 WL 1202972 at *4 (W.D. Tex. Jan. 25, 2018).

*1. Threshold Inquiry*

For the purposes of this analysis, Plaintiffs do not dispute that this case "*could* have been brought in the Northern District of Georgia." Dkt. #64 at 2. Summit Hosting resides in the Northern District of Georgia, thus, this suit could have been brought in the proposed transferee court. *See* 28 U.S.C. § 1391(b)(1) ("A civil action may be brought in . . . a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located[.]").

*2. Convenience of the Parties and Witnesses*

    a. Private Interest Factors

The undersigned has considered the private interest factors and finds that they do not weigh in favor of transfer.

First, Defendant has not persuaded the court that ease of access to sources of proof is greater in the transferee district. It appears that sources of proof may reside (and, for some sources, be readily accessed electronically) in either district. This factor is neutral.

Second, Defendant has not persuaded the court that the availability of compulsory process to secure witnesses weighs in favor of transfer. This factor only applies to non-party witnesses. *Vargas v. Seamar Divers Intern., LLC*, No. 2:10–CV–178–TJW, 2011 WL 1980001, at *5 (E.D. Tex. May 20, 2011). A party's employees are considered party witnesses and thus Defendant can compel those witnesses to appear. *Id.*, *see Dupre v. Spanier Marine Corp.*, 810 F. Supp. 823, 825 (S.D. Tex. 1993). Setting aside party witnesses, Defendant has only identified one witness outside of Texas. That third-party witness, Starwind, is a Delaware corporation with its headquarters in Massachusetts. Dkt. #52 at 8. Thus, there is no apparent reason that this factor weighs in favor of transfer to the Northern District of Georgia.

Third, Defendant has not persuaded the court that the cost of attendance to willing witnesses weighs in favor of transfer. In considering this factor, the court must consider the convenience for both party and non-party witnesses. Here, party witnesses reside in both Texas (for Plaintiffs) and Georgia (for Defendant). Plaintiffs have identified non-party witnesses in Texas. The non-party witness Defendant identifies as crucial is headquartered in Massachusetts. While that witness may be closer to the Northern District of Georgia than to the Western District of Texas, *see* Dkt. #52 at 13–14, that difference is marginal. Travel by plane is likely required for appearance in both this and the potential transferee district. Thus, there is no apparent reason that this factor weighs in favor of transfer to the Northern District of Georgia.

Finally, Defendant has not persuaded the court that the "other convenience factors" favor transfer. As to this factor, Defendant has merely repeated the arguments that it made in support of the previously-considered factors. Defendant has shown no apparent reason that this factor weighs in favor of transfer to the Northern District of Georgia

      b.  Public Interest Factors

The undersigned has considered the public interest factors and finds that they do not weigh in favor of transfer.

First, as to the administrative difficulties created by court congestion, Defendant does not offer substantive argument, thus, Defendant has not persuaded the court that this factor weighs in favor of transfer.

Second, as to the local interest in having localized interests decided at home, this factor weighs heavily against transfer. The residents of the Western District of Texas have relevant connections to the events that gave rise to this suit because Plaintiffs are Texas organizations (one, a Texas non-profit with its principal place of business in Travis County, Texas; the other a

Texas LLC) with significant operations in the Austin area. Dkt. #30 at 1. This case surrounds the treatment of Plaintiffs' data, including payroll data. It is clear that there is a relevant factual connection between the actions giving rise to this claim and the Western District of Texas. *See Piernik*, 2018 WL 1202972 at *8. An argument to the contrary is misguided at best.

As to the potential-transferee court's familiarity with the law that will govern the case and the avoidance of unnecessary problems of conflict of laws, Defendant has not persuaded the court that these factors favor transfer. Defendant has not persuaded the court that there is there is any "unnecessary problem of conflict of laws" that a transfer to the Northern District of Georgia would resolve. This factor does not weigh in favor of transfer. Further, assuming without deciding that Georgia law applies to Plaintiffs' claims—which is *not* apparent from Defendant's arguments—the undersigned is confident that this court can correctly apply Georgia law should the court ultimately determine that Georgia law applies. This factor is neutral at this time.

Finally, Defendant is a bit late with this request. Defendant removed this case to federal court on August 11, 2017. Since that time the parties have engaged in a significant and aggressive motions practice. Yet after the passage of 17 months of relentless litigation in the Austin Division of the Western District of Texas, Defendant believes this matter should be transferred to the Northern District of Georgia. Defendant is the proverbial day late and a dollar short.

    3.  *Balance of the Factors*

Having considered all the appropriate factors, the undersigned concludes the factors do not weigh in favor of transfer because Defendant has not demonstrated that the Northern District of Georgia is clearly more convenient than the venue chosen by Plaintiffs. Accordingly, the undersigned recommends that the Motion be denied.

## III.  RECOMMENDATIONS

For the foregoing reasons, the undersigned **RECOMMENDS** that Defendant's Motion to Transfer Venue (Dkt. #52) be **DENIED**.

The referral of this matter to the Magistrate Judge should now be **CANCELED**.

## IV.  OBJECTIONS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battles v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150–53 (1985); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc).

SIGNED February 1, 2019

_____
MARK LANE
UNITED STATES MAGISTRATE JUDGE